UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MYRA BROUSSARD | CIVIL ACTION |
| VERSUS | |
| BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND A&M COLLEGE, ET AL. | NO: 19-00527-BAJ-RLB |

RULING AND ORDER

Before the Court is Defendants' **Partial Motion for Summary Judgment (Doc. 11)**. Plaintiff filed an opposition. For reasons stated herein, Defendants' Motion is **GRANTED**.

I.   BACKGROUND

Plaintiff is a former employee of Defendants who began her career as a teacher in 1988. (Doc. 1-2 at p. 5). Plaintiff alleges that she attained tenure with Iberville Parish Schools in 1993. (Doc. 17-1 at p. 1). In 2000, she began employment in Baton Rouge with Louisiana State University Laboratory School, currently known as University Laboratory School ("ULS"). Plaintiff claims that she excelled as an educator and in 2005, she became Associate Principal at ULS. Plaintiff claims that in 2008, she became the Elementary School Principal at ULS and served in that role until her demotion to Special Assistant to the Interim Superintendent in May 2019. (Id. at p. 9). Plaintiff alleges that she was later demoted once more to an instructor role before Defendants notified her on August 19, 2019 that she would be terminated effective May 22, 2020 (Id.).

Plaintiff filed her Complaint in the Nineteenth Judicial District Court for the Parish of East Baton Rouge on July 18, 2019. Plaintiff alleges claims under 42 U.S.C. § 1983 and state law for Defendants' violation of her due process rights under the Fourteenth Amendment and for retaliatory termination. Plaintiff further claims that she was terminated in violation of La R.S. 17:441, *et seq.*, Louisiana's Tenured Teacher Law, because she was tenured at the time of her termination. (Doc. 1-2 at p. 10). On August 14, 2019, Defendants removed this matter to federal court. Shortly after removal, Defendants filed the instant motion as to the issue of tenure, arguing that Plaintiff was not tenured during her employment at ULS because she was not an eligible teacher as defined in 17:441(A)(1)(a). Plaintiff opposes the motion.

## II. LEGAL STANDARD

Pursuant to Rule 56, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l*

*Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will be appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

### III. DISCUSSION

Plaintiff alleges that she is tenured because she is a teacher within the meaning of the tenure laws. Specifically, Plaintiff argues that she is a teacher because she is an employee of a local public school board as defined in La. R.S.17:441(A)(1)(a). Plaintiff further argues that she attained tenure while working at ULS. Plaintiff argues, in the alternative, that if she didn't attain tenure at ULS, she maintained the

3

tenure that she previously attained as a teacher for the Iberville Parish School Board throughout her employment with ULS. Plaintiff also argues that because ULS is funded with public money, she is an employee of a local public school board. (Doc. 17 at p. 6).

Defendants argue that Plaintiff is not an employee of a local public school board because ULS is not affiliated with or under the authority of the East Baton Rouge School Board and operates under the authority and administration of Louisiana State University; thus, Plaintiff is an employee of Louisiana State University. (Doc. 11-3 at p. 2). Defendants argue that Plaintiff's employment contract specifically states that she would not attain tenure. Defendants further argue that regardless of Plaintiff's attainment of tenure prior to her employment with ULS, she did not maintain her previous tenure or attain a new tenure during her employment with ULS. Defendants assert that although it receives public funding for ULS, ULS is still not a school within the East Baton Rouge Parish School Board; thus, Plaintiff is not employed by the local public school board.

Louisiana Revised Statute 17:441, *et seq* "defines the status of Louisiana's public school teachers and outlines the procedures a school board must follow to discharge them." *Rousselle v. Plaquemines Parish School Bd.*, 633 So.2d 1235, 1241 (La. 1994) "Teacher tenure law gives to public school system teachers tenure in office and arms those permanent teachers with a shield protecting them against discharge, suspension, or demotion for causes other than those provided by statute." *Id*. Under § 441(A)(1)(a), a teacher is "any employee of a local public school board, state special

4

school, or a program administered by the special school district who holds a teacher's certificate and whose legal employment requires such teacher's certificate." [1] More specifically, "a teacher is an employee of a parish school board, including principals, or superintendents." *Id.* at 1242.

Defendants attached a copy of Plaintiff's employment contract and appointment letters from her initial employment in 2000 and promotion in 2006 as proof that Plaintiff was not on a tenure track. (Doc. 11, Exhibits A-1 and A-2). The appointment letter provides that positions such as hers "are renewable on an annual basis and do not lead to tenure." (Id., Exhibit A-2). The letter signifying Plaintiff's promotion to Assistant Principal in 2006 provides that "all positions in the College Education and Laboratory School are renewable on an annual basis and do not lead to tenure." (Id., Exhibit A-3). Defendants also submitted a job description template for Plaintiff's position as principal. (Id., Exhibit A-4). On the job description template, next to the term "faculty status," is the notation that Plaintiff is on a "non-tenure track."

Finally, Defendants submitted a copy of a Louisiana Attorney General Opinion which provides that when a teacher who has attained tenure in one parish but who then leaves that parish to begin employment in another parish or a state educational institution located in another parish, loses the tenure previously acquired. (Doc. 18, Exhibit B).

---

[1] The parties agree that Plaintiff was not employed by a state special school or a program administered by the special school district.

Plaintiff did not submit any specific evidence to prove that she reached tenure status while employed with Defendants. Plaintiff merely attached a letter from the Iberville Parish School Board that reflects her years of service and that she reached tenure status in Iberville Parish in 1993. (Doc. 18, Exhibit A). Plaintiff also attached a copy of the Louisiana State University Board of Supervisors' regulations and her termination letter, but neither serve as evidence that she achieved tenure status while employed at ULS. (See Id. Exhibits B, C).

The Court finds that Defendants have submitted sufficient evidence to show that there is no genuine issue of material fact as to Plaintiff's tenure status. The uncontroverted evidence shows that Defendants made it clear to Plaintiff, when she was initially employed and when she was promoted, that she was never a tenured employee for ULS. During her employment with ULS, Plaintiff was not a teacher within the meaning of 17:441(A)(1)(a), as Plaintiff was not an employee of a local parish school board. *Rousselle,* 633 So.2d at 1242. Plaintiff's appointment and promotion letters bear "Louisiana State University" in the letterhead and her employment contract provides that she is an employee of the University. Moreover, ULS is not a school within the East Baton Rouge Parish School Board; it is operated under the authority of the Louisiana State University. Thus, since Plaintiff was not an employee of a local parish school board, she cannot avail herself of the protections of Louisiana's tenure laws. The fact that ULS receives public funding does not make Plaintiff an employee of the East Baton Rouge Parish School Board.

The Court also finds that Plaintiff's tenure status from the Iberville Parish School System was not maintained during her employment with ULS. The Attorney General Opinion, cited by Defendants, provides that "it is the opinion of this department that where a teacher who has tenured in a parish voluntarily leaves the employ of the parish school system to accept employment in another parish school system, or in an educational institution located in another parish, the such action constitutes an abandonment of the tenure… so he would lose any tenure which he may have previously acquired." Opp.Atty.Gen.,1940-42, p. 3720. Thus, when Plaintiff left Iberville Parish in 2000, she abandoned her tenure when she accepted employment with ULS, an educational institution in another parish.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion (Doc. 11) is **GRANTED**.

Baton Rouge, Louisiana, this 27th day of July, 2020

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**